# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMON HOOKS, | : |
| *Plaintiff*, | : Civil Action No.: 2:21-cv-321 |
| v. | : |
| VA PITTSBURGH HEALTHCARE SYSTEM, | : |
| *Defendant*. | : |

## COMPLAINT

AND NOW, comes the Plaintiff, Damon Hooks, by and through his undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This is an action brought for race and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, *et seq., as amended*, retaliation under the various statutes, and creation of a hostile work environment. The Plaintiff, Damon Hooks, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, the retaliation and hostile work environment he endured, and for being terminated from his position by the Defendant in this matter.

### Parties

1. Plaintiff, Damon Hooks, is a black male individual, approximately 50 years of age, and currently residing at 4523 Lansmore Drive, Dayton, Ohio 45415.

2.     At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3.     Defendant, VA Pittsburgh Healthcare System, is an employer within the meaning of the Act, with a place of business located at University Drive Division, Pittsburgh, Pennsylvania 15240.

## Jurisdiction

4.     This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. §1367(a).

5.     This action arises in part under 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C.A. §1981(a).

6.     This action also arises under the Civil Rights Act 42 U.S.C. Section 1981 for the violation of Plaintiff's constitutional rights by Defendants.

7.     Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

## Statements of Fact

8.     The Plaintiff, Damon Hooks, began working for VA Pittsburgh Healthcare System as an Assistant Chief of Sterile Processing in 2014.

9.     The Plaintiff is a black male individual, fifty (50) years of age.

10.    In 2017, the Plaintiff filed a complaint for sexual harassment on a supervisor within his department, which case was recognized as Case Number: 200H-0646-2018101503.

11.    As a part of that investigation, the Plaintiff's supervisor was ultimately terminated from her position.

12. Ultimately, the VA Office of Employment Discrimination Complaint Adjudication issued a final agency Decision on or about November 19, 2019, in which they found the Plaintiff had been subject to sexual harassment by his supervisor, which resulted in tangible employment action when Plaintiff was not responsive to her advances.

13. While the findings of the agency were issued November 19, 2019, final damages concerning this matter were not issued until several months later, in the spring of 2020.

14. Prior to November 19, 2019, the Plaintiff had not received any significant complaints about his work performance, and in fact had received a performance review rating him fully successful on or about October 28, 2019.

15. Inexplicably, one week after the office having received notice of the final decision of the agency finding sexual harassment, the Plaintiff's position was changed from Acting Chief back down to Assisting Chief.

16. Shortly thereafter, again without any explanation or warning, the Plaintiff was issued correspondence on or about January 14, 2020, in which his supervisor proposed his removal.

17. Apparently, it came to the Plaintiff's attention that roughly around the time of the final agency decision in November of 2019, the department supervisors had initiated an investigation of the Plaintiff in an attempt to discredit and provide justification for this proposed removal.

18. Many of the reasons used to justify the proposed removal of the Plaintiff were in fact findings of activities that had occurred well before his review on October 28, 2019 that found him fully successful.

19. Many of the findings were clearly to rewrite Plaintiff's job performance, in order to justify actions that they wanted to be taken.

20. Each of the allegations were specifically addressed and categorically denied in most cases.

21. On or about February 5, 2020, the Plaintiff received a correspondence effectively terminating his position for allegedly exposing patients to a life threatening disease, and other alleged deficiencies in his job performance.

22. It should be noted, the Plaintiff had not had any issues with either performance or disciplinary action prior to November of 2019.

23. The Plaintiff did institute an additional complaint with the agency, identified as Case Number: 200H-0646-2020100231, which was recognized on December 6, 2019 as being filed on or about December 6, 2019.

24. The 120 days for issuance of a final agency decision is well past, and the Plaintiff now has justifications for filing this case in Federal Court.

## **Count 1: Race Discrimination: Title VII**

25. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

26. The Plaintiff was a black male employee working for the Defendant, and as stated above, discriminatory acts were taken upon him by several white supervisory personnel.

27. Plaintiff was a minority within the Defendant's facility.

28. Defendant did not initially address or investigate the discriminatory conduct that was occurring in the workplace to the Plaintiff, and by implication created the environment that seemingly condoned such conduct.

4

29.     There were multiple instances of discriminatory race related conduct and nothing was done to the Plaintiff's knowledge to change the work environment that was allowing this to happen.

30.     Defendant violated Title VII of the Civil Rights Act of 1964, specifically, the provision regarding race discrimination and 42 U.S.C §1981, by dismissing and refusing to investigate the allegations by Plaintiff, that his supervisor was discriminatory towards him, by allowing actions to continue the hostile and discriminatory treatment throughout the Plaintiff's employment, to ultimately allow Plaintiff's supervisor to continue a method of conduct designed to harass and intimidate the Plaintiff, and ultimately terminating him from his position.

31.     As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 2: Section 1981 Violation

32.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

33. The acts and conduct of the Defendant, acting under color of state law, where Plaintiff was subjected to a hostile work environment and race discrimination and retaliation by Defendant was a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitutional and the Civil Rights Act, 42 U.S.C. Section 1981.

34. Plaintiff also exercised his constitutional rights under the United States Constitution by opposing and protesting Defendant's unlawful actions and complaining about being subjected to racial employment discrimination and a hostile work environment.

35. After complaining to Defendants of being subjected to race and color discrimination, Plaintiff was subjected to retaliatory actions by the Defendant for engaging in protected activities under the Constitution and the Civil Rights Act.

36. Defendant also violated Plaintiff's Constitutional Rights by denying him equal protection.

37. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages pursuant to 42 U.S.C. Section 1981.

38. As a result of violations of the Civil Rights Act by the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earnings power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation and damages to reputation.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and

injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Retaliation: Title VII

39. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

40. Plaintiff was harassed, humiliated, and discriminated against by the Defendant in retaliation for asserting his rights under Title VII of the Civil Rights Act by raising the issues regarding the discriminatory actions by his supervisor.

41. Not only did the Defendant not take measures to correct the discriminatory nature of their criteria, but they engaged in activities to question and discipline the Plaintiff and became overly critical of his work product.

42. The Plaintiff exercised rights and opposed discriminatory conduct prohibited by Title VII of the Civil Rights Act.

43. Under Title VII of the Civil Rights Act, a retaliatory action by an employer, towards an employee for exercising their statutory rights, is a violation of that statute and against public policy.

44. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost

wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in his community and place of business, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 4: Hostile Work Environment

45. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

46. Plaintiff had repeatedly reported discrimination and retaliation to the Defendant, to various agents employed by the Defendant.

47. As described above, Defendant subjected the Plaintiff to a hostile work environment on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, *et seq., as amended*.

48. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendant, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and

injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of race and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, *et seq., as amended*;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Damon Hooks, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate him for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendant to pay Plaintiff compensatory and punitive damages in an amount to be determined at trial;

Case 2:21-cv-00321-CRE   Document 1   Filed 03/09/21   Page 10 of 10

E) Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com
**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481